QUESTION:
May funds within the Governor's contingent-discretionary appropriation be used to pay the difference in cost between coach and first-class tickets when the Governor uses commercial air transportation on official business?
SUMMARY:
Pursuant to s. 216.231(2), F. S., it is within the discretion of the Governor to expend funds from the Governor's contingent-discretionary appropriation to pay the difference in cost between coach and first-class tickets when the Governor uses commercial air transportation on official business, if the Governor determines such expenditure to be necessary to promote general government and intergovernmental cooperation or to enhance the image of the state.
Because of the unique nature of the contingent-discretionary appropriations to the Governor (currently Item 509 of s. 1 of Ch.76-285, Laws of Florida), and of the statute (s. 216.231(2), F. S.), providing how such appropriations are to be implemented, it appears that your question may be answered in the affirmative. Section 216.231(2) provides:
 Notwithstanding any other provisions of law, moneys appropriated in any appropriations act for discretionary contingencies to the Governor may be expended at his discretion to promote general government and intergovernmental cooperation and to enhance the image of the state. All funds expended for such purposes shall be accounted for, and a report showing the amount expended, the names of the persons receiving same, and the purpose of each expenditure shall be annually reported to the Auditor General and the legislative appropriation committee. (Emphasis supplied.)
The extraordinary language of s. 216.231(2) — with its broad grant of discretion to the Governor, and reference to broadly definable purposes, such as `to promote general government' and `to enhance the image of the state' — is peculiar to the Governor and to the contingent-discretionary fund and appears to have been intended to relieve the Governor from compliance with otherwise applicable state fiscal laws and standards governing expenditure of public funds. Of course, it is fundamental that not even statutory language such as that in s. 216.231(2) could authorize expenditure of public funds for other than a public purpose. Section216.231(2), instead, broadens the scope of public purpose with respect to the Governor and commits to the discretion of the Governor (subject to audit by the Auditor General) the authority to determine those public purposes requiring expenditure of funds from the contingent-discretionary appropriation.
For a comparison of other expenditures by the Governor from the contingent-discretionary fund which have been approved by this office, see AGO's 071-28, 071-160, and 075-116. In AGO 075-116, for example, approval was given to use of contingent-discretionary funds `to pay the Governor's total travel expenses in carrying outhis official duties, including lodging and meals, when his expenses exceed the $25.00 per diem allowed by law. . . .' (Emphasis supplied.) It likewise appears that contingent-discretionary funds could be used at the Governor's discretion to cover the difference in cost between coach and first-class airline tickets for the Governor when he is traveling on official business, upon a determination by the Governor that such an expenditure is necessary to `promote general government and intergovernmental cooperation' or to `enhance the image of the state.' And, as was stated in AGO's 071-160 and 075-116, the responsibility for making these determinations appears to have been placed by the Legislature solely within the discretion of the Governor, subject to audit by the Auditor General. Such use by the Governor of funds from the contingent-discretionary appropriation would thus appear to satisfy the requirement set forth in the following pertinent portion of s. 112.061(7)(c), F. S. (1976 Supp.):
 In the event transportation other than the most economical class as approved by the agency head is provided by a common carrier on a flight check or credit card, the charges in excess of the most economical class shall be refunded by the traveler to the agency charged with the transportation provided in this manner.
I would emphasize again that the conclusion herein reached regarding the Governor is the result of the peculiar and extraordinary nature of both the contingent-discretionary appropriation to the Governor and s. 216.231(2), F. S. Therefore, this opinion should not be taken as authorizing any public official or agency other than the Governor to expend public funds for first-class commercial air transportation costs unless otherwise authorized by statute.
Prepared by: Jerald S. Price Assistant Attorney General